# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

ISRAEL SOTO,

                              Petitioner,

v.

THE PEOPLE OF THE STATE OF
CALIFORNIA, et al.,

                              Respondents.

Case No.:  18cv2219 CAB (WVG)

**ORDER DISMISSING FIRST AMENDED PETITION WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**

On September 24, 2018, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  On October 1, 2018, this Court dismissed the petition for failure to satisfy the filing fee requirement and failure to state a cognizable claim on federal habeas.  (ECF No. 2.)  The Court notified Petitioner that in order to have his case reopened he must, no later than December 4, 2018,  either pay the filing fee or provide adequate proof of his inability to pay and file a First Amended Petition, curing the pleading deficiencies outlined in the order.

On October 5, 2018, Petitioner filed an application to proceed in forma pauperis which this Court granted on October 15, 2018.  On October 24, 2018, Petitioner filed a First Amended Petition.

/ / /

/ / /

# **FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM**

Review of the First Amended Petition reveals that Petitioner has again failed to allege that his state court conviction or sentence violates the Constitution of the United States.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added). *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

Here, Petitioner states claims that California Proposition 47 created "a new categorical exception for 'theft-plus' offenses." (Pet., ECF No. 5 at 6.) In no way does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

Further, the Court notes that Petitioner cannot simply amend his Petition to state a federal habeas claim and then refile the amended petition in this case. He must exhaust state judicial remedies before bringing his claims via federal habeas. State prisoners who wish to challenge their state court conviction must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. *See* 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34.

Moreover, to properly exhaust state court judicial remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id*. at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Id*. (emphasis added).

Additionally, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (Act), signed into law on April 24, 1996, a one-year period of limitation applies to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D) (West Supp. 2002).

The Court also notes that the statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied*, 529 U.S. 1104 (2000). *But see Artuz v.*

*Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

## CUSTODY REQUIREMENT

The Court further notes that it is unclear whether Petitioner can satisfy the custody requirement. "Subject matter jurisdiction under the federal habeas corpus statute, 28 U.S.C. § 2254(a), is limited to those persons 'in custody pursuant to the judgment of a State.'" *Brock v. Weston*, 31 F.3d 887, 889 (9th Cir. 1994); *see also* 28 U.S.C. § 2241(c)(3). It is a jurisdictional requirement that, at the time a habeas petition is filed, "the habeas petitioner be 'in custody' under the conviction or sentence under attack." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing 28 U.S.C. §§ 2241(c)(3) & 2254(a)); *see Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)). The Supreme Court's interpretation of the "in custody" language has not required "actual custody (i.e., that petitioner be physically confined when he challenges his conviction on habeas corpus). For example, the Supreme Court has held that a petitioner who was on parole when he filed his petition was in "constructive" custody sufficient to satisfy the "in custody" requirement. *See Jones v. Cunningham*, 371 U.S. 236 (1963).

Here, Petitioner has not shown he is in actual or constructive custody pursuant to the state court conviction he challenges. Petitioner is challenging a 2006 theft conviction for which he states he received "no custody time." (Am. Pet., ECF No. 5 at 1-2.) While it appears that Petitioner is currently in federal custody, there is nothing in the First Amended Petition to indicate that Petitioner is in custody pursuant to the 2006 conviction he is challenging. "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 290 U.S. at

490; *see Feldman v. Perill*, 902 F.2d 1445, 1448 (9th Cir. 1990) (stating that an expired conviction cannot satisfy the "in custody" requirement).

## **CONCLUSION**

Based on the foregoing, the Court **DISMISSES** the First Amended Petition without prejudice and with leave to amend. To have this case reopened, Petitioner must, **no later than January 4, 2019,** file a Second Amended Petition that cures the pleading deficiencies set forth above. ***The Clerk of Court is directed to mail Petitioner a blank motion to proceed in forma pauperis form and a blank Second Amended Petition form together with a copy of this Order.***

**IT IS SO ORDERED.**

Dated: November 2, 2018

Hon. Cathy Ann Bencivengo
United States District Judge